UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MOSES MORALES, | 1:11-cv-00807 AWI MJS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | (Doc. 1) |
| U.S. MARSHALS, | |
| Respondent. | |

## I. INTRODUCTION

Plaintiff is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

On February 24, 2010, a warrant issued for Petitioner's arrest pursuant to the government's complaint for provisional arrest under the extradition treaty between the United States and Mexico. See USA v. Morales, Case No. 1:10-mc-00008-SMS (E.D. Cal. 2010) (ECF No. 1.). Thereafter, Mexico submitted a formal request for Petitioner's extradition based on a pending charge of aggravated homicide in the Mexican state of Baja California. See Id. (ECF Nos. 21-27.).

On January 11, 2011, a formal extradition hearing was held before United States Magistrate Judge Sandra M. Snyder. Id. (ECF No. 31.). On April 29, 2011, the Court issued a Certification of Extraditability and Order of Commitment based on a finding of probable cause and ordered Petitioner's extradition to Mexico. Id. (ECF No. 34.). Based on the order,

the U.S. State Department scheduled a transfer of petitioner to Mexico by June 29, 2011. (Answer at 2-3, ECF No. 12.)

On May 18, 2011, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, thereby postponing his transfer until the resolution of the instant petition. (Pet., ECF No. 1.) Petitioner raises two claims in the Petition. He first contends that his court-appointed extradition attorney refused to assist in filing the instant habeas petition. He also contends that counsel rendered ineffective assistance at the extradition hearing. (Pet. at 2-3.) Specifically, Petitioner alleges that a "Document was presented which clearly stated defendant's life would be in jeopardy if extradition took place, yet counsel refused to present document to presiding judge." (Id.) Respondent filed an answer to the petition on July 22, 2011. (Answer.) Petitioner did not file a response to the answer.

## II.   DISCUSSION

### A.   FAILURE TO NAME PROPER RESPONDENT

Respondent contends Petitioner has failed to name the proper respondent, specifically the warden of the facility in which Petitioner is located. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 2717, 159 L. Ed. 2d 513 (2004) (quoting 28 U.S.C. § 2242); see also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" (citation omitted)). Thus, when a petitioner is in physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held. . . ." Padilla, 542 U.S. at 435.

Here, as Respondent correctly asserts, the warden of the facility where Petitioner is confined should be named. However, as discussed below, Petitioner's claims are without merit. The Court shall not require Petitioner to make the futile action of amending his habeas corpus petition to name the warden as respondent, but instead will address Petitioner's claims. Cf. Smith v. Idaho, 392 F.3d 350, 356 n.6 (9th Cir. 2004).

///

**B.     OVERVIEW OF EXTRADITION PROCEEDINGS**

Extradition is "the surrender by one nation to another of an individual accused or convicted of an offense outside of its own territory, and within the territorial jurisdiction of the other, which, being competent to try and to punish him, demands the surrender." Terlinden v. Ames, 184 U.S. 270, 289, 22 S.Ct. 484, 492, 46 L.Ed. 534 (1902). Extradition from the United States is governed by 18 U.S.C. § 3184, which "confers jurisdiction on any justice or judge of the United States' or any authorized magistrate to conduct an extradition hearing under the relevant extradition treaty between the United States and the requesting nation." Cornejo-Barreto v. Seifert, 218 F.3d 1004, 1009 (9th Cir. 2000). Specifically, Section 3184 provides:

> Whenever there is a treaty or convention for extradition between the United States and any foreign government, . . . any justice or judge of the United States, or any magistrate [United States magistrate judge] authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention . . ., issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate [United States magistrate judge], to the end that the evidence of criminality may be heard and considered. . . . If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention . . ., he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

18 U.S.C. § 3184.

"The extradition process is ordinarily initiated by a formal request from a foreign government to the Department of State, which along with the Department of Justice, evaluates whether the request is within the scope of the relevant extradition treaty between the United States and the requesting nation." Barapind v. Reno, 225 F.3d 1100, 1105 (9th Cir. 2000); Cornejo-Barreto, 218 F.3d at 1009. "Once approved, the United States Attorney for the judicial district where the person sought is located files a complaint in federal district court seeking an arrest warrant for the person sought." Barapind, 225 F.3d at 1105; Cornejo-Barreto, 218 F.3d

1   at 1009. A hearing is then held before a federal judge to determine whether the offense is
2   extraditable and probable cause exists to sustain the charge(s). Ibid.[1] If these requirements
3   are met, the judicial officer must certify to the Secretary of State that the individual is
4   extraditable. 18 U.S.C. § 3184.

5   "[E]vidence sufficient to sustain the charge" requires that "[t]he requesting nation must
6   demonstrate that there is probable cause that the fugitive committed the charged offense."
7   Cornejo-Barreto, 218 F.3d at 1009; Quinn v. Robinson, 783 F.2d 776, 783 (9th Cir. 1986).
8   Nevertheless, "the country seeking extradition is not required to produce all its evidence at an
9   extradition hearing and it is not [this Court's] role to determine whether there is sufficient
10  evidence to convict the accused." Quinn, 783 F.2d at 815. Rather, probable cause exists "if
11  there is any competent evidence in the record to support it." Then v. Melendez, 92 F.3d 851,
12  854 (9th Cir. 1996); Quinn, 783 F.2d at 791. Competent evidence includes hearsay evidence,
13  "and the usual rules of evidence are not applicable in this context." Then, 92 F.3d at 855
14  (citations omitted); Quinn, 783 F.2d at 815-16; see also Barapind v. Enomoto, 400 F.3d 744,
15  748 (9th Cir. 2005) (en banc) (per curiam) ("With regard to the admissibility of evidence, the
16  general United States extradition law requires only that the evidence submitted be properly
17  authenticated.") (citation omitted).

18  **C.    FEDERAL REVIEW OF EXTRADITION PROCEEDINGS**

19  "Decisions of an extradition court are not directly reviewable but may be challenged
20  collaterally by a petition for habeas corpus." Barapind, 400 F.3d at 748 n.5; Oen Yin-Choy v.
21  Robinson, 858 F.2d 1400, 1402 (9th Cir. 1988). "The scope of habeas review of an extradition
22  order is severely limited." Artukovic v. Rison, 784 F.2d 1354, 1355-56 (9th Cir. 1986). More
23  specifically, the court may only consider the following: (1) whether the extradition judge had
24  jurisdiction to conduct the proceeding; (2) whether the extradition court had jurisdiction over
25  the individual sought; (3) whether the extradition treaty was in force; (4) whether the crime fell

26

---

27      [1]To be extraditable, the offense must be within the scope of the treaty, an offense in both the requesting
28  state and the United States, and an offense not subject to the political offense exception. Cornejo-Barreto, 218
    F.3d at 1009 n.4.

within the treaty's terms; (5) whether there was probable cause that the individual sought committed the crime; and (6) whether the crime was within the political offense exception. See Cornejo-Barreto, 218 F.3d at 1009-1010; Quinn, 783 F.2d at 786-787; Emami v. U.S. District Court, 834 F.2d 1444 (9th Cir. 1987).

Instead of requesting the Court to consider any of the categories recited above, Petitioner asserts that he was provided ineffective assistance of counsel at the extradition hearing and in connection with the present petition. Accordingly, the Court shall not address the issues raised above, and instead address only Petitioner's claims of ineffective assistance of counsel.

### D.    INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution states "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." However, the Sixth Amendment right to counsel is offense specific. "It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, 'at or after the initiation of adversary judicial criminal proceedings--whether by way of formal charge, preliminary hearing, indictment, information or arraignment.'" McNeil v. Wisconsin, 501 U.S. 171, 175, 115 L. Ed. 2d 158, 111 S. Ct. 2204 (1991) (quoting United States v. Gouveia, 467 U.S. 180, 188, 81 L. Ed. 2d 146, 104 S. Ct. 2292 (1984)).

The Supreme Court has also never held that an extradition proceeding is a critical stage of a criminal prosecution such that the right to counsel would be required by the Sixth Amendment, and decisions in the lower courts are squarely to the contrary. See, e.g., Anderson v. Alameida, 397 F.3d 1175, 1180 (9th Cir. 2005) (noting that "we find that the state appellate court followed Ninth Circuit law in finding that no right to counsel attaches at arrest or at an extradition hearing"); Chewning v. Rogerson, 29 F.3d 418 (8th Cir. 1994) (holding that an extradition matter is not a critical stage); DeSilva v. DiLeonardi, 181 F.3d 865, 868-869 (7th Cir. 1999) (same); Judd v. Vose, 813 F.2d 494, 497 (1st Cir. 1987) ("an extradition hearing has a 'modest function' not involving the question of guilt or innocence, and is not a 'criminal

proceeding' within the meaning of the Sixth Amendment").

Even assuming that Petitioner had a constitutional right to effective assistance of counsel at the extradition proceeding, he would have to show that counsel's performance was deficient, that is, that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 687; see also, Harrington v. Richter, 131 S. Ct. 770 (2011). Second, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," Strickland, 466 U.S. at 694.

Here, Petitioner cannot show that presentation of evidence that his life would be in jeopardy if extradited would have had any effect on the outcome of the proceeding. (Pet. at 3.) The Ninth Circuit has "long adhered to the rule of non-inquiry -- that it is the role of the Secretary of State, not the courts, to determine whether extradition should be denied on humanitarian grounds or on account of the treatment that the fugitive is likely to receive upon his return to the requesting state. Prasoprat v. Benov, 421 F.3d 1009, 1016 (9th Cir. 2005). As such, "an extradition magistrate lacks discretion to inquire into the conditions that might await a fugitive upon return to the requesting country." Id. Based on the rule of non-inquiry, the information that counsel did not present to the Court could not affect the outcome of the extradition proceeding. As the result of the proceeding would not have been different, counsel's conduct cannot be considered ineffective under Strickland. Petitioner is not entitled to habeas relief with regard to his claim of ineffective assistance of counsel at the extradition proceeding.

Petitioner also asserts that counsel was ineffective for failing to assist Petitioner during

1  the extradition proceeding by not assisting Petitioner to pursue other options, including filing
2  the present petition for writ of habeas corpus. (Pet. at 3.) However, there is no absolute
3  constitutional right to appointed counsel in a federal habeas corpus proceeding. See Coleman
4  v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "Consequently,
5  a petitioner cannot claim constitutionally ineffective assistance of counsel in such
6  proceedings." Id. Therefore, Petitioner's claim of ineffective assistance of counsel based on
7  counsel's failure to assist in filing the instant petition is without merit.

### III.  RECOMMENDATION

For the reasons discussed herein, the Court RECOMMENDS that petition be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 1, 2011          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE